UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michele Cooper,

          Plaintiff,

v.

Commissioner of Social Security,

          Defendant.

_____/

Case No. 20-11855

Judith E. Levy
United States District Judge

Mag. Judge Curtis Ivy, Jr.

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [15], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12]**

Before the Court is Magistrate Judge Curtis Ivy, Jr.'s Report and Recommendation ("R&R") (ECF No. 15) recommending that the Court grant Defendant Commissioner of Social Security's (the "Commissioner's") motion for summary judgment (ECF No. 13), deny Plaintiff Michele Cooper's motion for summary judgment (ECF No. 12), and affirm the Administrative Law Judge's ("ALJ") decision denying benefits under the Social Security Act. Plaintiff filed two timely objections to the R&R (ECF No. 16), and the Commissioner responded (ECF No. 17). For the reasons set forth below, Plaintiff's objections are

overruled, and the R&R, omitting footnote 3 (ECF No. 15, PageID.613–14), is adopted.

## I. Background

The Court has carefully reviewed the R&R and is satisfied that it is a thorough account of the relevant portions of the record. The factual and procedural background sections from the R&R are incorporated as if fully set forth herein.

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to specify the part of the order, proposed findings, recommendations, or report to which [the party] objects and to state the basis for the objection." *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (internal citations omitted). Objections that restate arguments already presented to a magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008), as are

those that merely dispute the general correctness of the report and recommendation. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

In 2019, the Supreme Court addressed the standard the district court must apply when conducting its de novo review and explained that the phrase "substantial evidence" is a "term of art." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citation omitted).

> "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations. And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.' It means— and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"

*Id.* (internal citations omitted).

### III. Analysis

Plaintiff lodges two objections to the R&R. First, Plaintiff argues that the Magistrate Judge erred when he recommended a finding that the ALJ's residual functional capacity ("RFC") determination was consistent with Plaintiff's severe impairments.[1] (*See* ECF No. 16,

---

[1] The Court construes Plaintiff's objections as set forth in this Order, instead of the wording Plaintiff used in her objections, because objections to an R&R must address errors in the Magistrate Judge's R&R, not just the underlying ALJ's decision.

PageID.631.) Second, Plaintiff objects to the R&R because the Magistrate Judge recommended affirming the ALJ's decision despite the ALJ's reliance on vocational testimony that she argues is inconsistent with the Department of Labor's Dictionary of Occupational Titles ("DOT"). (*See* ECF No. 16, PageID.635.)

For the reasons set forth below, these objections are OVERRULED.

### A. Objection 1

Plaintiff argues that Judge Ivy improperly recommended affirming the ALJ's RFC determination because it did not account for all of Plaintiff's severe impairments, including her stroke. (*See* ECF No. 16, PageID.634.) Plaintiff asserts that the Magistrate Judge erred in footnote three of the R&R, because he found that because Plaintiff's stroke occurred approximately four months after her alleged onset of disability, the stroke "is not relevant for the Court's review." (ECF No. 16, PageID.632 (quoting ECF No. 15, PageID.613 n.3).) In Plaintiff's view, "[t]he ALJ must evaluate the entire period at issue and consider whether

---

*See Barnhill v. Comm'r of Soc. Sec.,* No. 15-14440, 2017 WL 541150, at *2 (E.D. Mich. Feb. 10, 2017) (objections to ALJ's decisions were improper where they failed to reference "a specific deficiency in the Magistrate Judge's reasoning.").

4

an onset date of disability, different from the one alleged by a claimant, may be appropriate." (ECF No. 16, PageID.632.) The Defendant disputes Plaintiff's characterization of the ALJ's RFC determination, contending that the ALJ appropriately considered Plaintiff's impairments, observing that Plaintiff fails "to explain what other limitations the ALJ was supposed to include in the RFC finding." (ECF No. 17, PageID.641.) Though Defendant agrees with Plaintiff that the stroke is relevant to the determination of Plaintiff's RFC (*see* ECF No. 17, PageID.639), this error is harmless because it does not impact the Commissioner's decision or "infect the rest of the R&R." (ECF No. 17, PageID.640.)

Regardless of whether Plaintiff is correct in her argument that there is an error in footnote three of the R&R, it makes no difference to the outcome here. The record shows that the ALJ explicitly considered Plaintiff's stroke in his RFC determination. (*See* ECF No. 10, PageID.57–59; *see also* ECF No. 15, PageID.623–24 (discussing the ALJ's consideration of Plaintiff's stroke).) Indeed, the ALJ recommended the limitation of "light work"[2] in part because of Plaintiff's stroke, and "[d]ue

---

[2] The Social Security Administration defines "light work" as follows: "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be

5

to [Plaintiff's] . . . confusion she experiences since her cerebral vascular accident." (ECF No. 10, PageID.59–60.) The ALJ also recommended that Plaintiff's RFC be limited to "simple routine, repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple, work-related decisions and routine workplace changes." (ECF No. 10, PageID.59–60.) Plaintiff neglects to explain how the Magistrate Judge's purported misstatement of the law impacts the validity of his review of the ALJ's decision. Therefore, to the extent footnote three of the Magistrate Judge did not consider Plaintiff's stroke in evaluating the RFC determination, it makes no difference to the outcome because the ALJ specifically limited the RFC to account for effects of Plaintiff's stroke. (*See* ECF No. 10, PageID.57–59) The Magistrate Judge's discussion in footnote three is immaterial to the integrity of the ALJ's decision.

---

very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

6

In her objection, Plaintiff does not explain why the limitations the ALJ included in response to Plaintiff's stroke are inappropriate or what additional limitations, if any, would be responsive to her stroke. *See Turvey v. Comm'r of Soc. Sec.,* No. 12-12388, 2013 WL 3271194, at *5 (E.D. Mich. June 27, 2013) (rejecting the plaintiff's argument for a more restrictive RFC determination because the "[p]laintiff does not specify any additional work-related functional limitations the ALJ should have, but did not, include in the RFC assessment resulting from his . . . mental impairments."), and Plaintiff does not make clear why the ALJ's stroke-related limitations are inadequate.

The administrative record similarly undercuts Plaintiff's objection that the ALJ failed to incorporate limitations into the RFC determination for Plaintiff's headaches.[3] (*See* ECF No. 16, PageID.634.) As she did before Judge Ivy, Plaintiff again fails to direct the Court to any underlying medical records that suggest "a more detailed functional limitation in relation to her headaches." (ECF No. 16, PageID.634.)

---

[3]As discussed in section two of this Opinion and Order, an objection to an ALJ's decision, as opposed to a flaw in an R&R, is inappropriate, and can be rejected on that basis. *See, e.g., Pearson v. Comm'r of Soc. Sec.,* No. 15-14031, 2017 U.S. Dist. LEXIS 48379, at *7 (E.D. Mich. Mar. 31, 2017).

Plaintiff testified that eye strain precipitated "small headache[s]" approximately twice per week, and she estimated that when she took medication, such a headache would last about two hours. (ECF No. 10, PageID.43–45.) Referencing Plaintiff's "intermittent headaches" the ALJ recommended the same limitations, set forth above, as he recommended in response to her stroke. (ECF No. 10, PageID.59–60.) Though it is Plaintiff's burden to prove that she requires more restrictive RFC limitations, *see, e.g.*, *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008), Plaintiff neither addresses the existence of these purportedly responsive RFC limitations, nor sets forth the grounds for her claim that these limitations have "no connection to the Plaintiff's headaches." (ECF No. 16, PageID.634); *see also Hoffman v. Comm'r of Soc. Sec.*, No. 19-10843, 2019 WL 5653381 (E.D. Mich. Oct. 31, 2019) (*adopting* 2019 WL 5663425 (E.D. Mich. Sept. 25, 2019) (no additional RFC limitations warranted where plaintiff pointed to no other specific proposed limitations in the record that the ALJ improperly excluded)).

Plaintiff neglected to present the other aspect of this objection to the Magistrate Judge, that the ALJ's RFC determination failed to appropriately account for her degenerative disc disease. Still, that

8

argument also fails when considered on its merits. The ALJ specifically referred to Plaintiff's degenerative disc disease as a basis for recommending that her RFC be limited to "light work" and he set forth additional restrictions, including that she can "occasionally perform foot control operations; never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs; occasionally balance, stoop, kneel, crouch, and crawl; she must avoid concentrated exposure to wetness; she must avoid all exposure to unprotected heights[,]" in light of Plaintiff's "chronic pain, limitations with movement and numbness[.]" (ECF No. 10, PageID.59.) Yet, as with the ALJ's stroke-related and headache-related RFC limitations, Plaintiff fails to explain why the RFC limitations set forth above are not "corresponding limitations . . . to the Plaintiff's cervical degenerative disc disease. . . [.]" (ECF No. 16, PageID.634.) Plaintiff also neglects to suggest any responsive limitations that would have been appropriate, nor does she point to underlying medical records to support more restrictive limitations than those specified in the ALJ's decision. *See Miller v. Comm'r of Soc. Sec.*, No. 18-11638, 2019 WL 4744331 (E.D. Mich. Sept. 30, 2019) (*adopting* 2019 WL 4866153 (E.D. Mich. June 11, 2019) (rejecting plaintiff's argument for a more restrictive RFC

9

determination where she did explain why the ALJ's RFC was inconsistent with her needs)).

Even if some information in the record supports additional RFC limitations—which Plaintiff has yet to point out to the Court—there is substantial evidence in the record to support the ALJ's RFC determination. *See Mokbel Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 400 (6th Cir. 2018) (under the substantial evidence standard, district courts defer to ALJ decisions "even in the face of substantial evidence supporting the opposite conclusion."). Plaintiff's first objection is overruled, though, for reasons of clarity, the Court does not adopt footnote three of the R&R.

### B. Objection 2

Following Plaintiff's previous, unsuccessful challenge to the ALJ's reliance on the Vocational Expert's ("VE") testimony, Plaintiff reasserts the same argument as an objection to the R&R. (*Compare* ECF No. 12, PageID.563–568 *with* ECF No. 16, PageID.635.) Citing the same Eleventh Circuit case relied upon in her motion for summary judgment, Plaintiff argues that the ALJ violated Social Security Ruling ("SSR") 00-4p by relying on the VE's assurance that her testimony was consistent

10

with the DOT, rather than conducting a more searching inquiry of any conflict between the VE's testimony and the DOT. (ECF No. 16, PageID.635.) Defendant counters that Plaintiff's objection "is procedurally improper because it merely rehashes an argument from her opening brief[]" and lacks "any argument that the Magistrate Judge's reasoning is deficient or flawed." (ECF No. 17, PageID.641–42.)

As an initial matter, the Court notes that the Magistrate Judge squarely considered, and rejected, this argument. (*See* ECF No. 15, PageID.626-28.) Accordingly, Defendant is correct that this argument "merely rehashes" what was before the Magistrate Judge and is overruled. *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) ("A district court does not abuse its discretion when it denies post-judgment relief to a party raising the same issues and arguments post-judgment as those [previously] rejected . . ." (internal alteration omitted) (quoting *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)); *Owusu v. Michigan Dep't of Corr. Pain Mgmt. Comm.*, No. 16-12490, 2019 WL 4627585, at *6 (E.D. Mich. Sep. 24, 2019) ("The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge

11

with no identification of error in the Magistrate Judge's recommendation") (quoting *Pearson,* 2017 U.S. Dist. LEXIS 48379, at *7).

In any event, as Judge Ivy explained in the R&R, in the Sixth Circuit, "an ALJ satisfies her duty to inquire [under SSR 00-4p] if she asks the VE whether the VE's testimony is consistent with the DOT and receives an affirmative response." *Joyce v. Comm'r of Soc. Sec.*, 662 F. App'x 430, 435 (6th Cir. 2016); *accord Cavanaugh v. Saul*, No. 20-10034, 2021 WL 1169745, at *7 (E.D. Mich. Mar. 29, 2021) (collecting cases). Here, the ALJ discharged this duty. At the end of the VE's examination, the ALJ inquired about her opinion's consistency with the DOT:

> Q: And your testimony today, has it been covered by the DOT?
>
> A: For the most part, but time off task, absenteeism, production rate pace, approximating moving machinery, those are issues not directly addressed, and that would be based on my experience placing individuals.

(ECF No. 10, PageID.111.) "This exchange satisfies the standard the Sixth Circuit set forth." *McCarley v. Berryhill*, No. 16- 14036, 2018 WL 1477668, at *3 (E.D. Mich. Mar. 27, 2018) (VE's assurance that testimony

12

was consistent with DOT satisfied ALJ's duty under SSR 00-4p).[4] Thus, the Magistrate Judge's sound reasoning in the R&R holds true in response to Plaintiff's objection here.

Further, the undersigned agrees with the Magistrate Judge that "even if the Court were to address [the VE's] testimony in relation to the DOT, Plaintiff would still lose[.]" (*See* ECF No. 15, PageID.627 n.5.) "[T]he Social Security Regulations do not obligate the ALJ and consulting vocational experts to rely on the Dictionary's classifications." *McCarley*, 2018 WL 1477668, at *3 (quoting *Monateri v. Comm'r of Soc. Sec.*, 436 F. App'x 434, 446 (6th Cir. 2011)). Plaintiff argues that the "the jobs identified by the [VE] and relied upon by the ALJ are inconsistent with the limitations included in the ALJ's residual functional capacity determination." (ECF No.16, PageID.635.) Though Plaintiff fails to specify why she believes the VE's testimony is inconsistent with DOT recommendations for her RFC, even if it is, "neither the Commissioner

---

[4] The Court also notes that Plaintiff's attorney declined to cross examine the VE, and so "any objections were waived and there are no grounds for relief based on a either inaccuracies of the VE's testimony or a conflict between the VE's testimony and the DOT." *Zorn v. Comm'r of Soc. Sec.*, No. 12-13822, 2015 WL 5545257, at *4 (E.D. Mich. Sept. 18, 2015); *accord McCarley*, 2018 WL 1477668, at *2.

nor the VE has an obligation to employ the *DOT*." *McCarley*, 2018 WL 1477668, at *4 (quoting *Monateri*, 436 F. App'x at 446).

## IV. Conclusion

For the reasons set forth above, Plaintiff's objections (ECF No. 16) are overruled. Accordingly, the R&R (ECF No. 15) is **ADOPTED** with the modification discussed above, the Commissioner's motion for summary judgment (ECF No. 13) is **GRANTED**, and Plaintiff's motion for summary judgment (ECF No. 12) is **DENIED**.

IT IS SO ORDERED.

Dated: September 2, 2021　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 2, 2021.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager